S. Samuel Di Falco, S.
This is a proceeding instituted upon the petition of Eugene F. Suter, Jr., for an order revoking a prior decree of this court holding that the petitioner’s renunciation of his interest as income beneficiary of the residuary trust established under the will of his father was valid. In that decree provision was made for the payment of income subsequent to the renunciation to the holders of the next eventual estate for the duration of the trust term. When the petition in this proceeding was filed the court was required to appoint a special guardian to represent the interests of the petitioner who, in his petition, had described himself as a victim of an emotional and mental illness which deprived him of judgment sufficient to manage his own affairs. He stated that his renunciation of the legacy was the product of his illness and asserted that the decree confirming his intention was a nullity.
My predecessor, Mr. Surrogate Collins, entertained the original application and set the matter for hearing. The petitioner appeared on that occasion and stated the reasons why he felt himself to be in a position in which he could not accept the legacy. He apparently gave no indication that he was under any emotional disability. He was at that time in his final year in Yale University, from which he was subsequently graduated, and he was represented by an attorney of standing and repute. It should be noted that the other members of his family who stood to benefit by his renunciation did everything in their power to persuade him to abandon the idea at that time. These protests were fruitless and as a consequence the Surrogate granted the application, holding that the income from the trust would be payable to the holders of the next eventual estate for the duration of the term. (Matter of Suter, 207 Misc. 1002.)
The petition sets forth as reasons for granting the relief sought facts which tend to establish a sufficient lack of understanding on the part of the applicant of the consequences of his *146 original decision. He acknowledged that he had undergone psychiatric care and that he was presently suffering from grave emotional disturbances. He also stated that these same conditions had prevailed at the time when he initiated the earlier proceeding. Upon these facts the court appointed Dr. David J. Impastato to conduct an examination for the purpose of determining whether the petitioner is competent to manage his own affairs and was rationally capable of making the decision which he did in 1954, to renounce his interest under the will. Dr. Impastato’s report has been filed and all of the parties to this proceeding’ have stipulated that it be made the basis for decision on this application.
Dr. Impastato reports his findings to be that the petitioner is suffering from schizophrenia with paranoid and somatic features. He reports further that the patient was psychotic at the time of the renunciation of his legacy and is not now competent to manage his own affairs. Subsequent to the submission of the report the petitioner’s illness was aggravated to the extent that he required hospitalization and he has since been adjudicated an incompetent in a proceeding instituted in the Supreme Court of the County of New York by the persons who are presently acting as his committee.
All of the persons interested in the estate have reached an agreement which, in effect, annuls the petitioner’s renunciation of his legacy. The holders of the next eventual estate, who have been the recipients of the income since the date of the last decree, consent to its payment to the committee of the incompetent commencing as of January 1, 1957. Income on hand as of that time will be distributed to the holders of the next eventual estate under the terms of the agreement. The court approves the agreement as submitted, for there is no impediment created by statute or decision which prevents the remaindermen from giving up their rights to income. The trust will be preserved in the form in which it was established and there is consequently no violation of the rule in Matter of Wentworth (230 N. Y. 176).
Allowances have been fixed.
Submit decree on notice.